GUENTHER LINDHOLM, Plaintiff-Appellant, v. LONNIE WILSON, Defendant-Appellee.

First District (2nd Division)   No. 1—89—0768

Opinion filed April 10, 1990.

Law Offices of Thomas P. McLaughlin, of Chicago (Michael H. Hamilton, of counsel), for appellant.

Torshen, Schoenfield & Spreyer, Ltd., and Garretson & Santora, both of Chicago (Jerome H. Torshen, Abigail K. Spreyer, and William B. Kohn, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff brought this action seeking compensation for property damage caused to his automobile by defendant's allegedly negligent driving. The trial judge held that plaintiff had failed to disclose an expert witness in violation of Supreme Court Rule 220 (107 Ill. 2d R. 220) and barred him from introducing expert testimony regarding damages, thus entitling defendant to summary judgment. We affirm the judgment of the trial court.

Plaintiff filed a complaint on March 15, 1984, seeking $13,258.03 property damages from defendant for the complete destruction of his automobile in a collision which occurred on February 8, 1983. Defendant filed interrogatories and a notice to produce on June 22; the pertinent interrogatories are set forth below:

"3. State the full name and address of each person [not an occurrence witness] who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence:

* * *

5. State any and all other [aside from repair costs] expenses or losses you claim as a result of said occurrence.

* * *

9. List the names and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom."

Furthermore, in his request to produce, defendant specifically asked for "[a] list of the names, addresses and specialties of all expert witnesses omitting all persons already mentioned above."

In his answers, which were filed October 10, 1984, plaintiff's response to interrogatory 3 was, "None, investigation continues"; his response to interrogatory 5 was, "Value of automobile and rental expenses of $53.03"; and plaintiff's answer to interrogatory 9 did not mention an insurance adjuster or any other insurance company employees who had knowledge of the accident or damages, despite

the fact that plaintiff had at least initiated a claim with his insurer at this time. Plaintiff similarly failed to produce the requested list of expert witnesses.

After a lengthy delay apparently due to plaintiff's failure to appear for his deposition, and two dismissals for want of prosecution which were vacated, both sides answered ready for trial on February 24, 1989. On that date, defendant presented a motion for summary judgment on the ground that plaintiff had failed to identify a property damage expert pursuant to Illinois Supreme Court Rule 220 (107 Ill. 2d R. 220), and that the resulting bar to expert testimony prevented plaintiff from proving his damages. A stipulated statement of facts included in the record in lieu of a transcript of proceedings pursuant to Supreme Court Rule 323(d) (107 Ill. 2d R. 323(d)) indicates that plaintiff raised two arguments in defense at the hearing. First, plaintiff stated that he planned to use an adjuster from the Safeco Insurance Company, his insurer, to testify regarding the value of plaintiff's vehicle, and acknowledged that he had not previously disclosed this to defendant; however, plaintiff insisted that the adjuster was not an expert witness within the meaning of Rule 220. Second, plaintiff contended that he should be permitted to introduce the adjuster's report into evidence as a business record, and that the adjuster could properly testify for the purpose of establishing a foundation for the admission of the report. The trial judge rejected both arguments and granted defendant's summary judgment motion.

## I

Plaintiff contends the testimony of the insurance adjuster in this case is not subject to exclusion pursuant to Rule 220, which states in pertinent part:

"(b)  Disclosure

(1) *Expert Witness.* Where the testimony of experts is reasonably contemplated, the parties will act in good faith to seasonably:

(i) ascertain the identity of such witness, and

(ii) obtain from them the opinions upon which they may be requested to testify.

In order to insure fair and equitable preparation for trial by all parties the identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of the expert's opinion first becomes known to that party or his

counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. \*\*\* Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." (107 Ill. 2d R. 220.)

He asserts that the insurance adjuster in this case was not retained to render an opinion at trial, as required by the explicit language of Rule 220. He further notes that the adjuster completed his report over a year before this suit was filed and that his evaluation was more closely linked with the processing of plaintiff's insurance claim than with the instant litigation. The insurance adjuster is instead claimed to be more similar to a treating physician, who has been held not to be within the reach of Rule 220. *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226, 529 N.E.2d 525.

■■ While this interpretation of Rule 220 is not completely persuasive and may violate the spirit of the rule, it is not necessary to reach this question here. Even if Rule 220 does not apply, the insurance adjuster's testimony may properly be excluded as a discovery sanction pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)). We note that a judgment "may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct." *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12.

■ Supreme Court Rule 219(c) provides for a broad range of sanctions for discovery violations and specifically mentions barring a witness' testimony. (107 Ill. 2d R. 219(c)(iv).) There is a myriad of reported cases which have consistently recognized that failing to advise the opposing party of potential witnesses in response to interrogatories can lead to the exclusion of that witness' testimony at trial. (*Dempski v. Dempski* (1963), 27 Ill. 2d 69, 187 N.E.2d 734; *Ziekert v. Cox* (1989), 182 Ill. App. 3d 926, 538 N.E.2d 751; *Ferenbach v. DeSyllas* (1977), 45 Ill. App. 3d 599, 359 N.E.2d 1214.) In deciding whether exclusion is proper, a court should consider "surprise to the opposing party; whether the omission was intentional or inadvertent; the nature of the witness' testimony; timeliness of the objection; opportunity of the opposing party to interview or depose the witness prior to trial; and prejudice resulting to the opposing party by virtue of the testimony." *Jensen v. Chicago & Western Indiana R.R. Co.* (1981), 94 Ill. App. 3d 915, 928, 419 N.E.2d 578, 590.

■■ Consideration of these factors leads inescapably to the conclusion that the opinion testimony of the adjuster should be excluded pursuant to Rule 219(c). The accident in this case occurred on February 8, 1983. Plaintiff filed a response to defendant's interrogatories on October 10, 1984, long after his insurance company completed its investigation and the processing of his claim. The response failed to give any information whatsoever regarding the name of plaintiff's insurer or the identity of other persons who had "knowledge of the facts of said occurrence or of the injuries and damages following therefrom," thus ignoring several direct questions soliciting this material. Such evasiveness can only be interpreted as an ·intentional attempt to disadvantage the opposing party. Full disclosure would have given defendant ample opportunity to depose the adjuster before trial, an important consideration since plaintiff's car was completely destroyed and no tangible evidence of diminution of value such as a paid repair bill could have been produced.

This is not to say that the factors set out in *Jensen* are completely in defendant's favor; defendant is hardly without fault in this matter. Although plaintiff responded to defendant's interrogatories in October 1984, the record does not indicate that defendant raised any objections regarding the response until the hearing on February 24, 1989, over four years later. The fact that a simple letter or telephone call may have prompted a more complete response and greatly reduced litigation delays does not appreciably enhance defendant's cause before this court. However, the *Jensen* factors on balance sufficiently favor defendant to offset this rather glaring deficiency.

Plaintiff's blatant discovery violations should not be countenanced. We affirm the trial judge's decision excluding the adjuster's opinion testimony pursuant to Rule 219(c).

## II

We next consider whether it necessarily follows that, since the adjuster cannot testify as an expert witness, his written report similarly cannot be . used in evidence to establish damages. Plaintiff contends the report is admissible as a business record pursuant to Supreme Court Rule 236 (107 Ill. 2d R. 236), despite the exclusion of the adjuster's opinion testimony at trial. Rule 236 provides:

> "Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible

as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including the lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility." (107 Ill. 2d R. 236.)

Defendant does not claim that the requirements of the rule have not been met in this case; rather, he asserts that allowing the adjuster's report into evidence as proof of damages would permit plaintiff to avoid the effect of a valid discovery sanction.

■■ We agree that plaintiff should not be permitted to extricate himself through a subversion of Rule 236. In *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 510 N.E.2d 531, *appeal denied* (1987), 116 Ill. 2d 559, 515 N.E.2d 109, plaintiff included in his response to defendant's summary judgment motion a report prepared by an expert not revealed within the court-ordered time limit for the disclosure of expert witnesses. He argued that the trial judge erred in excluding the report because it was properly admissible as a counteraffidavit filed in opposition to the summary judgment motion. The appellate court was not persuaded:

"We have already determined the plaintiffs cannot use the witness in question at trial according to the court's order of March 25, 1986, and the literal terms of Rule 220. It would then be inconsistent to permit that same witness' opinion to be used to form the basis of a counteraffidavit in opposition to a motion for summary judgment." 157 Ill. App. 3d at 459, 510 N.E.2d at 537.

This same reasoning leads us to conclude that the adjuster's report in this case should not be admitted as a business record. The report was prepared by the same individual whose opinion testimony is barred by Rule 219(c) sanctions, and allowing use of the report would lead to a result fully as inconsistent as that which the appellate court wisely avoided in *James*.

Since the adjuster's report was properly excluded, and plaintiff had no way of establishing damages at trial, we are required to affirm the trial judge's grant of summary judgment in favor of defendant. (*Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745 (unsubstantiated and uncertain opinion of owner as to value of damaged automobile not sufficient to establish amount of dam-

ages).) This case is indistinguishable from the many medical malpractice cases where discovery violations led to the exclusion of critical expert opinion testimony and ultimately the dismissal of the action for failure to establish the appropriate standard of care. See, *e.g.*, *Castro v. South Chicago Community Hospital* (1988), 166 Ill. App. 3d 479, 519 N.E.2d 1069.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

DiVITO, P.J., and BILANDIC, J., concur.