JUAN VALLEJO, Plaintiff-Appellant, v. JOSE LUIS MERCADO, Defendant-Appellee.

Second District   No. 2—91—0201

Opinion filed October 18, 1991.

John G. McAuley, of Rigsby & McAuley, of Chicago, for appellant.

Linda E. Spring and John W. Barbian, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Juan Vallejo, appeals from an order entered by the circuit court of Lake County which barred plaintiff from using the testimony of his expert witness at trial and which granted the motion for summary judgment of defendant, Jose Luis Mercado. Plaintiff raises two issues on appeal: (1) whether the trial court erred in granting defendant's motion to bar the testimony of plaintiff's expert witness; and (2) whether the trial court erred in granting defendant's motion for summary judgment when there are genuine issues of material fact. We reverse and remand.

Plaintiff filed his complaint against defendant on November 3, 1989. Plaintiff alleged that defendant requested that plaintiff come to defendant's home for the purpose of assisting defendant in cutting down the trees on defendant's premises. He further alleged that, on or about September 29, 1989, defendant gave his Homelite C-51 convertible drive chain saw to plaintiff to use. He alleged that defendant had a duty not to endanger plaintiff's well-being while plaintiff was on defendant's property and that defendant breached this duty in that he:

> "a. failed to instruct the Plaintiff in the proper manner of operating the chain saw when he knew or should have known the Plaintiff had not previously used a chain saw;

b. failed to advise the Plaintiff that the chain saw would 'jump' when cutting knotted pieces of wood;

c. failed to supervise the Plaintiff's use of the chain saw when he knew or should have known the Plaintiff had not previously used a chain saw;

d. failed to advise the Plaintiff that the chain saw did not have an automatic cut-off switch;

e. provided the Plaintiff with a defective chain saw."

The complaint alleged that, as a direct and proximate result of one of these acts or omissions of defendant, plaintiff was struck across his face by the chain saw when it "jumped" off a piece of wood he had been cutting, causing plaintiff to suffer temporary and permanent personal injuries. Plaintiff sought damages in excess of $15,000 plus costs of suit.

Defendant filed a jury demand on January 17, 1989. On January 23, 1990, he also filed an answer to the complaint and an affirmative defense, which alleged that plaintiff did not exercise reasonable care for his own safety while operating the chain saw in question.

An order was entered on March 13, 1990, which stated that trial was set for October 29, 1990, and that plaintiff was to disclose experts within 60 days and defendant was to disclose experts within 90 days. On October 15, 1990, plaintiff filed a motion for leave to file an amended complaint and a motion to continue the trial date. In his motion to continue, plaintiff alleged that defendant's deposition was taken on September 12, 1990. During the deposition, information first became available to plaintiff regarding a new theory of liability against defendant, that defendant "maintained and/or repaired the chainsaw [sic] involved in the accident in a negligent manner." Plaintiff further alleged that he required additional time to conduct discovery as to the proper standards of maintenance and repair of chain saws.

An order was entered on October 19, 1990, which granted plaintiff leave to file an amended complaint and which set the cause for trial on February 4, 1991. An amended complaint was filed which stated that the accident occurred on or about September 19, 1989, and added an allegation that defendant breached his duty to plaintiff in that he "failed to properly maintain or repair the chain saw."

On December 5, 1990, defendant filed a motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005). Defendant alleged that no genuine issue of material fact existed "as to plaintiff's inability to demonstrate any negligence on defendant's part as a proximate cause

of plaintiff's accident." Attached to the motion were the complete transcripts of the deposition of plaintiff, taken June 22, 1990, and the deposition of defendant, taken September 12, 1990.

Essentially, the depositions established that plaintiff and defendant were acquainted because plaintiff had rented an apartment from defendant for about three months prior to the accident. Approximately two weeks prior to the accident defendant asked plaintiff to do some work for him cutting a tree. Plaintiff told defendant he would ask Martin Rodriguez about it because Martin knew more about it and plaintiff needed help to do it. On September 19, 1989, plaintiff and Rodriguez decided to do the job together and split the money. They arrived at defendant's house at approximately 4:30 in the afternoon, and defendant agreed to pay them $100. Defendant wanted them to cut some branches on a big tree behind a house that he owned and to cut some branches on an apple tree at his residence.

Defendant gave his chain saw, a ladder, and some rope to plaintiff and Rodriguez. Defendant testified that he gave plaintiff and Rodriguez instructions regarding how to start the chain saw and told them two or three times to be careful. Defendant stated that plaintiff then told him that Rodriguez already knew how to use the saw. Plaintiff testified that defendant had problems starting the chain saw and had to take it apart, clean the filters, and put in freshly mixed gas in order to start it. Defendant stated that the saw started fine.

Rodriguez went up into the tree, pulled the chain saw up with the rope and cut some branches from the tree. Rodriguez did not have any problems with the saw. Rodriguez then came down from the tree, and plaintiff started cutting the branches on the ground. Plaintiff did not know how to start the saw, so defendant showed him. Plaintiff stated that he had never operated a chain saw before. He did not know that chain saws jumped. He had, however, used different types of saws during his employment as a laborer, including a "partner" saw, which plaintiff described as similar to a chain saw. The partner saw used a blade rather than a chain. Plaintiff did not tell anyone that he had never operated a chain saw.

Plaintiff cut up one branch into four or five sections and had no problems with the saw. Defendant and Rodriguez carried the sections to the street. Plaintiff began cutting a second branch, which was lying on the ground, when the chain saw jumped up and hit him in the face, knocking him unconscious. It hit him between the eyebrows and down his nose. Defendant and Rodriguez were by the street and did not see the accident.

Defendant testified that he purchased the chain saw for $50 at Seven Mile Fair, Wisconsin, about two years prior to the accident. He did not receive any instructions with the saw. Defendant had used the saw at least 10 times before the accident and had never had any problems with it. Defendant stated that the chain did not turn, even though the engine was running, unless the trigger in the handle was pressed. Defendant stated that the chain stopped in less than a second after the trigger was released. Plaintiff stated, however, that the chain stopped slowly and took about five seconds to stop completely.

Defendant stated that he replaced the chain on the saw about one month before the accident. He bought the new chain at Ace Hardware. The new chain did not come with instructions regarding how to install it. A friend of his told him to set the tension on the chain by allowing about one-half inch of play in the chain. That is what he did. Defendant used the saw about two times after he replaced the chain and did not have any problems with it.

Based on these depositions, defendant argued in his motion that he was entitled to summary judgment in his favor because he was under no duty to warn plaintiff of open or obvious hazards, because there was no evidence that defendant knew or should have known that plaintiff had not previously used a chain saw, because it was uncontroverted that the chain saw was in good working order, and because plaintiff was unable to identify the reason for his injury.

An order was entered on December 5, 1990, which stated that plaintiff had until December 19, 1990, to respond to defendant's motion. On December 28, 1990, plaintiff filed a motion to continue the trial date. Plaintiff requested additional time to respond to defendant's motion for summary judgment and also asked that the trial date be continued. In his motion, plaintiff stated that he had retained the services of an expert witness in order to respond properly to the motion for summary judgment. Plaintiff also stated that his expert witness had requested documents from the manufacturer of the chain saw, but had not obtained the documents due to the product's age. The affidavit of John G. McAuley, one of plaintiff's attorneys, was attached to the motion and stated, in pertinent part:

"2. In order to properly respond to the Defendant's Motion for Summary Judgment, an engineering expert retained on the Plaintiff's behalf has requested a copy of the owner's manual for the chain saw which is the subject of this lawsuit.

3. The plaintiff's attorneys have attempted to obtain the owner's manual from the manufacturer of the chain saw, but

efforts to date have been delayed because production of the chain saw has been discontinued.

4. The plaintiff's expert is presently attempting to obtain an owner's manual."

The trial court denied plaintiff's motion and ordered plaintiff to respond to defendant's motion for summary judgment by January 9, 1991. A hearing was set for January 16, 1991.

On January 9, 1991, plaintiff mailed his response to the motion. The response was file stamped January 14, 1991. He argued that defendant's motion should be denied, contending that defendant had a duty to warn plaintiff that the chain saw could kick back because defendant and plaintiff had "unequal knowledge" regarding the operation of a chain saw and defendant knew or should have known that damage might or could occur. Plaintiff attached the affidavit of Richard Rolseth to his response and argued that the affidavit presented evidence that defendant's chain saw was defective, that the defect was caused by defendant's actions and that the defect was the cause of plaintiff's injuries. The affidavit stated:

"6. I am familiar with the Homelite model C-51 chainsaw [*sic*] and its proper chain tension requirements.

7. I have read the discovery depositions of Jose Luis Mercado and Juan Vallejo taken pursuant to the captioned claim.

8. The replacement chain installation done by Mr. Mercado as described in pages 28-30 of his deposition transcript was improper in that the chain tension was set too loose.

9. As a result of Mr. Mercado's improper installation described in paragraph 8 above, the probability of chainsaw [*sic*] 'kickback' was increased.

10. Based on my review of Juan Vallejo's deposition transcript, his injuries were caused by chainsaw [*sic*] 'kickback.' "

Defendant filed a reply and also filed a motion to bar experts. In this motion, defendant argued that Supreme Court Rule 220 (134 Ill. 2d R. 220) requires the disclosure of experts and their opinions 60 days before trial. Defendant contended that, as trial was set for February 4, 1991, plaintiff's disclosure of his expert witness was not timely and that "defendant will be unduly prejudiced if plaintiff is allowed to identify his expert and the contents of his opinion at this late date."

Plaintiff filed a response to the motion and another affidavit of John McAuley. This affidavit stated that defendant's attorneys requested several continuances prior to the date defendant's deposition was taken. At the deposition, information first became available to

plaintiff regarding the fact that defendant claimed to have maintained and repaired the chain saw, information which supported a new theory of liability. Plaintiff then determined that defendant did not possess a copy of the owner's manual for the chain saw and conducted a diligent search to obtain a copy of the manual which, it was learned, was unavailable from the manufacturer. McAuley finally stated that he "was unable to provide sufficient information to the plaintiff's expert witness, for the purpose of forming his opinion, until January 1991" and that he "did not first meet with nor learn the opinions of the expert until January 5, 1991."

A hearing was held regarding both of defendant's motions on January 16, 1991. An order was entered the same day which stated that defendant's motion to bar plaintiff's expert was granted and also stated that "no expert testimony or evidence is relevant to the motion for summary judgment." Defendant's motion for summary judgment was also granted. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff first argues that the trial court erred in barring the testimony of his expert witness, Richard Rolseth, pursuant to Rule 220. Plaintiff contends that the underlying policy of the rule, that of good-faith disclosure and the avoidance of surprise at trial, was never violated. We agree.

Rule 220 provides, in relevant part:

"[T]he identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of the expert's opinion first becomes known to that party or his counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. In any event, as to all expert witnesses not previously disclosed, the trial court, on its own motion, or on the motion of any party after the first pretrial conference, shall enter an order scheduling the dates upon which all expert witnesses, including rebuttal experts, shall be disclosed. *** All dates set by the trial court shall be chosen to insure that discovery regarding such expert witnesses will be completed not later than 60 days before the date on which the trial court reasonably anticipates the trial will commence." 134 Ill. 2d R. 220(b)(1).

The purpose of the rule is to facilitate trial preparation by eliminating last-minute disclosure of expert witnesses. (*Hatch v. Golden Rule Insurance Co.* (1990), 204 Ill. App. 3d 790, 795, citing *Mitchell v. Wayne Corp.* (1989), 180 Ill. App. 3d 796, 800.) The rule was designed to eliminate this evil by establishing a uniform, but not inflexible,

framework regarding the timely revelation of the identity of expert witnesses and the subject matter of their testimony. (134 Ill. 2d R. 220, Committee Comments, at 180; *Barth v. Reagan* (1990), 139 Ill. 2d 399, 415.) The rule requires that parties act in good faith to ascertain the identity of expert witnesses they reasonably anticipate using. *Hatch*, 204 Ill. App. 3d at 795; *Mitchell*, 180 Ill. App. 3d at 801.

The imposition of sanctions for a violation of discovery rules is a matter largely within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*Beiermann v. Edwards* (1990), 193 Ill. App. 3d 968, 974.) "In determining whether noncompliance with discovery orders or rules is unreasonable, the trial court should consider whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the discovery rules. [Citation.] To determine whether a sanction order is just, this court must look to the conduct that gave rise to it and to the effect of that conduct on the parties." (*Beiermann*, 193 Ill. App. 3d at 974-75.) The purpose of a sanction for a violation of Rule 220 is not to punish but to insure fair discovery and a trial on the merits. *Caruso v. Pine Manor Nursing Center* (1989), 182 Ill. App. 3d 879, 883.

In this cause, the affidavit of McAuley states that the substance of Rolseth's opinion first became known on January 5, 1991. Plaintiff points out that the identity and opinion of the expert was disclosed four days later and argues that, as the disclosure occurred less than 90 days after learning of the substance of the opinion, the disclosure was timely under Rule 220. However, the plain language of the rule states that discovery regarding expert witnesses must be completed not later than 60 days before the trial date. (134 Ill. 2d R. 220(b)(1); *Hatch v. Golden Rule Insurance Co.* (1990), 204 Ill. App. 3d 790, 794.) This is true even if a trial court does not set deadlines for the disclosure of expert witnesses. (*In re Marriage of Gorsich* (1991), 208 Ill. App. 3d 852, 856.) Therefore, as the February 4, 1991, trial date was not continued, plaintiff's argument that his expert was disclosed in a timely manner pursuant to the rule must fail. We nevertheless conclude that the trial court abused its discretion in barring the testimony of plaintiff's expert witness under these circumstances.

We recognize that it has been held that the opinion of an expert filed in opposition to a motion for summary judgment can properly be barred because of violations of Rule 220. (See *Mitchell v. Wayne Corp.* (1989), 180 Ill. App. 3d 796, 799-802; *Castro v. South Chicago Community Hospital* (1988), 166 Ill. App. 3d 479, 482; *James v. Yasunaga*

(1987), 157 Ill. App. 3d 450, 456-57.) We conclude that this case is distinguishable from those cases, however.

In *Mitchell*, the plaintiffs did not disclose expert witnesses even though the court had entered two orders which required the disclosure of experts. The defendant filed a motion for sanctions, and the trial court entered an order barring the plaintiff from calling an expert at trial. (*Mitchell*, 180 Ill. App. 3d at 799.) The defendant subsequently filed a motion for summary judgment, and, in response, the plaintiffs filed the affidavit of an expert witness. The trial court found that the affidavit was barred and granted the defendant's motion for summary judgment. (*Mitchell*, 180 Ill. App. 3d at 799.) We affirmed this decision on appeal, noting that there was no abuse of discretion where the order barring experts was entered more than 22 months after the initial complaint was filed and after more than 11 months of requests for disclosure by the defendants. We also noted that the plaintiffs did not provide an explanation for the delay in securing an expert witness until they filed their reply brief on appeal. *Mitchell*, 180 Ill. App. 3d at 802.

The court in *Castro* concluded that the trial court did not abuse its discretion in refusing to allow the plaintiffs to disclose the identity of an expert witness in response to a motion for summary judgment where the plaintiffs failed to consult or disclose during the first eight years of litigation any expert who would opine that the defendant was negligent. *Castro*, 166 Ill. App. 3d at 485.

In *James*, the plaintiffs filed an expert opinion report the same day that a hearing regarding the defendant's motion for summary judgment was held, but after a deadline for the disclosure of expert witnesses set by court order. (*James*, 157 Ill. App. 3d at 451.) The trial court struck the report, finding that Rule 220 was violated, and the appellate court affirmed, noting that the plaintiffs should have sought leave to amend or revise the court's schedule if they were having difficulty locating an expert witness. *James*, 157 Ill. App. 3d at 457.

Here, plaintiff promptly informed the court that he became aware of a new theory of liability at the time of defendant's deposition. He sought leave to file an amended complaint and also requested a continuance of the trial date to allow him additional time to conduct discovery. McAuley's uncontradicted affidavit stated that the reason for the delay in taking defendant's deposition was that defendant's attorneys requested several continuances. After defendant filed his motion for summary judgment, plaintiff again requested a continuance of the trial date, explaining that additional time was needed to respond

to defendant's motion for summary judgment because of difficulty in obtaining an opinion of an expert witness due to the unavailability of an owner's manual for the chain saw. Plaintiff did file the affidavit of an expert witness on January 14, 1991. Therefore, unlike the cases previously discussed, plaintiff provided an explanation for the delay in securing an expert witness, plaintiff did request more time to conduct discovery, and plaintiff's expert was disclosed just over 14 months after the complaint was filed and only approximately 16 months after the date of the accident.

Based on this record, we fail to see any lack of good-faith effort on the part of plaintiff. Plaintiff did not engage in any abusive discovery practices, and it was an abuse of the trial court's discretion to refuse to continue the trial date and revise the discovery schedule. (See *Smock v. Hale* (1990), 197 Ill. App. 3d 732, 741; *Cometo v. Foster McGaw Hospital* (1988), 167 Ill. App. 3d 1023, 1029-31.) We conclude that plaintiff's motion to continue the trial date, supported by affidavit, which was filed on December 28, 1990, should have been granted. Had the trial date been continued, there would have been no violation of Rule 220. Therefore, the testimony of plaintiff's expert witness, disclosed approximately 16 months after the date of the accident, should not have been barred.

Plaintiff next contends that defendant's motion for summary judgment should not have been granted, arguing that questions of material fact exist precluding summary judgment. We agree.

Summary judgment is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 165; *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) The purpose of a summary judgment proceeding is to determine whether there are any genuine issues of material fact. (*Purtill*, 111 Ill. 2d at 240.) In making this determination, the evidence is to be construed strictly against the moving party and liberally in favor of the opponent. *Tersavich v. First National Bank & Trust* (1991), 143 Ill. 2d 74, 80-81.

Plaintiff contends that, applying these principles, summary judgment should not have been granted. He asserts that the facts established by the depositions show that defendant had superior knowledge regarding the use of chain saws and that defendant knew of plaintiff's inexperience with chain saws. He further contends that it was the saw's sudden propensity to "jump" or "kick back" which caused his injuries and asserts that defendant had a duty to warn plaintiff about this characteristic of the chain saw.

Defendant argues, in response, that summary judgment was properly granted because there was no material issue of fact as to the two aspects of defendant's defense of the cause. First, defendant contends that the facts clearly establish that the danger was open and obvious and, therefore, there was no duty to warn. Second, plaintiff failed to create an issue of fact as to identifying the cause of plaintiff's injuries.

As to the first contention, defendant argues that he had no duty to warn plaintiff regarding the danger of the chain saw because there is no duty to warn of an open and obvious danger. We agree in part. The purpose of a warning is to apprise persons coming into contact with a product of dangers of which they are unaware so that they may take appropriate precautions to protect themselves. (*Smith v. American Motors Sales Corp.* (1991), 215 Ill. App. 3d 951, 957.) Therefore, it is true that, where the risk is open and obvious, there is no duty to warn. (*Smith*, 215 Ill. App. 3d at 957.) However, if a product has dangerous propensities, the general rule is that a duty to warn arises where there is unequal knowledge, either actual or constructive, with respect to the risk of harm and the defendant, possessed of such knowledge, knows or should know that harm might occur absent a warning. (*Smith*, 215 Ill. App. 3d at 957; *Durbin v. St. Louis Slag Products Co.* (1990), 206 Ill. App. 3d 340, 354; *Pitler v. Michael Reese Hospital* (1980), 92 Ill. App. 3d 739, 745; see also Restatement (Second) of Torts §388 (1965).) It is beyond question that a chain saw is dangerous and must be used with caution and care. Defendant testified at his deposition that plaintiff told defendant that he would need help with the job and that plaintiff required help to start the chain saw. Plaintiff stated that he had never used a chain saw before and did not know that a chain saw could "jump." The affidavit of plaintiff's expert, which should have been considered by the trial court, stated that the chain installation performed by defendant was improper because the chain's tension was set too loose, that this improper installation increased the probability of chain saw "kickback," and that plaintiff's injuries were caused by chain saw "kickback." Based on this record, it cannot be said as a matter of law that a chain saw's propensity to kick back is an open and obvious danger of which plaintiff was aware. A factual question also exists whether defendant was aware, or should have been aware, that the chain saw had a propensity to kick back and thus should have provided a warning to plaintiff. We conclude that defendant had a duty to warn plaintiff of any dangers which were not open and obvious and of which defendant was aware.

Additionally, defendant clearly had a duty to provide plaintiff with a chain saw which was free from defects. Rolseth's affidavit created a question of material fact regarding whether the saw was in good operating condition. Therefore, there is a question of fact whether any breach of duty by defendant proximately caused plaintiff's injuries or whether the injuries were caused by plaintiff's lack of care.

■ As to defendant's second contention, defendant's argument that summary judgment was proper because plaintiff cannot identify the source of his injuries must fail. This case is not similar to *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, relied on by defendant, where the plaintiff could not identify a puddle she saw after she fell as the cause of her fall. (*Vance*, 134 Ill. App. 3d at 169.) Plaintiff has presented sufficient evidence to create a material issue of fact as to the causation of plaintiff's injuries. The trier of fact should determine whether plaintiff's face was injured by the saw when the saw jumped or kicked back. The fact that plaintiff personally might not understand the mechanism by which he was injured does not *ipso facto* preclude other evidence from raising a material issue of fact as to the cause of plaintiff's injuries.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and WOODWARD, JJ., concur.