LAVERNE PAQUET, Indiv. and as Special Adm'r of the Estate of Charles Paquet, Deceased, Plaintiff-Appellant, v. VICTOR I. STEINER *et al.*, Defendants-Appellees.

Second District   No. 2—92—0509

Opinion filed January 15, 1993.

Gary M. Feiereisel, of Fraterrigo, Best & Beranek, of Chicago, for appellant.

Robert W. Smyth, Jr., Francis D. Morrissey, Michael A. Pollard, and John M. McGarry, all of Baker & McKenzie, of Chicago, and Reid S. Jacobson, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Laverne Paquet, individually and as special administrator of the estate of Charles Paquet, appeals a summary judgment granted in favor of defendants, Victor I. Steiner, M.D., and Charles A. Cavallo, M.D. The circuit court of Lake County determined that plaintiff did not comply with the disclosure provisions of Supreme Court Rule 220 and, accordingly, barred plaintiff's experts from testifying. (134 Ill. 2d R. 220.) As a result, plaintiff could not make a *prima facie* case in medical malpractice, and defendant's motion for summary judgment was granted.

Plaintiff presents the following issues for review: (1) whether the trial court erred in barring plaintiff's experts from testifying; (2) whether the court abused its discretion in denying plaintiff's motion to continue the trial date; and (3) whether the trial court erred in granting summary judgment in favor of defendants. We affirm.

In 1985, plaintiff brought an action against defendants alleging the occurrence of medical malpractice resulting in her husband's death in August 1983. On February 2, 1989, plaintiff voluntarily dismissed the case because her expert had become uncooperative. Plaintiff subsequently refiled the case in January 1990. A trial date was set for March 25, 1991. This trial date was continued on four separate occasions, three of which were requested by defendants. The final trial date was May 11, 1992. Before this date had arrived, attorneys for the defense sent three separate letters to plaintiff's attorney reminding him that he had yet to disclose his experts. On March 13, 1992, 59 days before the May 11 trial date, plaintiff's attorney disclosed the identities and opinions of his two medical experts.

Both defendants responded to plaintiff's disclosure with motions to bar plaintiff's experts because they had not been disclosed and deposed 60 days prior to the commencement of the trial pursuant to Su-

preme Court Rule 220 (134 Ill. 2d R. 220). Plaintiff sought an order denying defendants' motion to bar plaintiff's experts and requested another continuance. The trial court granted defendants' motion and barred plaintiff from calling any expert witnesses because there had been *"no* adequate showing of due diligence." (Emphasis in original.) The trial court also denied plaintiff's motion for a continuance.

Defendants subsequently filed a motion for summary judgment premised on plaintiff's inability to call experts at trial. Plaintiff's counsel filed both a motion to reconsider the order barring her from presenting expert witnesses at trial and her response to defendants' motions for summary judgment. The trial court denied plaintiff's motion to reconsider and granted defendants' motions for summary judgment.

Plaintiff first asserts that the trial court erred in barring plaintiff's experts from testifying at trial. In support of this position, plaintiff argues that she satisfied the requirements of Rule 220 by disclosing the identity, opinions and qualifications of her expert witnesses within 90 days after she learned of those experts and their opinions. Supreme Court Rule 220 provides in part:

> "In order to insure fair and equitable preparation for trial by all parties the identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of the expert's opinion first becomes known to that party or his counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. In any event, as to all expert witnesses not previously disclosed, the trial court, on its own motion, or on the motion of any party after the first pretrial conference, shall enter an order scheduling the dates upon which all expert witnesses *** shall be disclosed. *** All dates set by the trial court shall be chosen to insure that discovery regarding such expert witnesses will be completed not later than 60 days before the date on which the trial court reasonably anticipates the trial will commence." 134 Ill. 2d R. 220(b)(1).

It is true that plaintiff disclosed her experts and their opinions within 90 days of learning of them. However, the satisfaction of this disclosure requirement does not, alone, automatically qualify an expert for trial. We determine that discovery of these experts should also be completed 60 days prior to the reasonably anticipated trial date.

Plaintiff presents two arguments which do not comport with our determination. First, plaintiff argues that Supreme Court Rule 220 specifically contemplates completion of discovery pursuant to a date set by the trial court and that the failure of the trial court to set a discovery deadline circumvents the 60-day rule. We disagree.

■ The failure of a trial court to set a discovery schedule does not give a party the freedom to reveal its experts and its opinions at any time. We have held that, "if a trial court does not set deadlines for disclosure of expert witnesses, such disclosure must occur in time to enable discovery concerning the witnesses to be completed at least 60 days prior to trial." (*In re Marriage of Gorisch* (1991), 208 Ill. App. 3d 852, 856; *Vallejo v. Mercado* (1991), 220 Ill. App. 3d 1, 8.) In the present case, plaintiff revealed her experts and their opinions 59 days prior to the May 11 trial date and 413 days after the first scheduled trial date of March 25, 1991. Therefore, we hold that plaintiff violated the disclosure requirements of Supreme Court Rule 220.

Second, plaintiff argues that the trial date set by the court below was not one on which the trial was reasonably expected to commence and, therefore, plaintiff's late disclosure of her experts did not violate the 60-day disclosure requirement of Supreme Court Rule 220. In support of this position, plaintiff asserts that the case was subject to many delays and that the decision to establish May 11 as the final trial date was an arbitrary one. Plaintiff asserts that the case underwent a voluntary dismissal and four separate continuances and, therefore, one more continuance should have been granted. We do not agree. The mere existence of previous delays does not justify yet another delay. We find nothing in the record which would have led the trial court to believe that the trial could not reasonably be expected to commence on May 11, 1992, or, for that matter, on any of the other earlier trial dates.

■ The imposition of a sanction for a violation of discovery rules is a matter largely within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. (*Vallejo*, 220 Ill. App. 3d at 8.) A Rule 220 sanction serves to promote fair discovery. (*Vallejo*, 220 Ill. App. 3d at 8.) When determining whether a sanction is just, the court must look to the conduct of the parties and should determine (1) whether the offending party's action was characterized by a deliberate and pronounced disregard for the discovery rules, and (2) the effects of that conduct on the parties involved. *Vallejo*, 220 Ill. App. 3d at 8.

As we stated in *Vallejo*:

"The purpose of the rule is to facilitate trial preparation by eliminating last-minute disclosure of expert witnesses. [Citations.] The rule was designed to eliminate this evil by establishing a uniform, but not inflexible, framework regarding the timely revelation of the identity of expert witnesses and the subject matter of their testimony. [Citations.] The rule requires that parties act in good faith to ascertain the identity of expert witnesses they reasonably anticipate using." *Vallejo*, 220 Ill. App. 3d at 7-8.

In *Vallejo*, we held that the trial court should have granted a continuance of the trial date in order to allow discovery of plaintiff's expert witness even though the expert was not disclosed within Supreme Court Rule 220 guidelines. In that case, many factors led to our conclusion that a sanction was not proper. For example, new information came to light during discovery which justified plaintiff's delay in seeking to file an amended complaint and obtaining an appropriate expert; plaintiff promptly informed the court of the changed circumstances giving rise to the delay; part of the blame for plaintiff's delay resulted from defendant's lack of cooperation during discovery; and plaintiff did not engage in any abusive discovery practices. Moreover, while the trial court allowed the filing of the amended complaint, it would not allow a continuance of the trial and prohibited the use of a Rule 220 expert to prove plaintiff's case. Therefore, we found the trial court abused its discretion in refusing to continue the trial date and refusing to revise the discovery schedule.

■ In the present case, plaintiff presents no evidence of changed circumstances to justify her delay in obtaining an expert. Moreover, the trial court specifically found that plaintiff failed to show diligence in retaining an expert. In fact, plaintiff missed the deadline for the disclosure of her experts on four separate occasions.

First, plaintiff voluntarily dismissed the initial case against defendants only after she failed to identify her expert witnesses on the court's designated date. Second, plaintiff failed to disclose her experts in a timely fashion for the March 25, 1991, trial date. Third, plaintiff violated the 60-day rule on September 30, 1991, when she sought to continue the trial date of November 4, 1991. Finally, as already discussed, plaintiff violated the 60-day rule with respect to the May 11, 1992, trial date.

Therefore, we hold that the trial court did not abuse its discretion when it barred plaintiff's experts from testifying. Plaintiff's failure to obtain her experts and present them for discovery within the time

frame spelled out by both Supreme Court Rule 220 and the attendant case law amounts to a pronounced disregard for the rules of discovery in light of the long pendency of this trial. The effects of this delay unduly burdened defendants' preparation for an approaching trial and placed additional burdens on the court dockets. In this respect, the sanction imposed was fair and justly imposed by the trial court, particularly where the delay in obtaining an expert was never adequately explained. *Knight v. Haydary*(1992), 223 Ill. App. 3d 564, 578.

As a final matter, the summary judgment granted to defendants must stand because plaintiff cannot maintain an action sounding in medical malpractice without expert testimony on matters related to the doctor's deviation from the relevant standard of care. *Castro v. South Chicago Community Hospital* (1988), 166 Ill. App. 3d 479.

For the reasons stated above, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER and BOWMAN, JJ., concur.