SHARON P. KEATING, Plaintiff-Appellant, v. DOMINICK'S FINER FOODS, INC., Defendant-Appellee.

Second District No. 2—91—0392

Opinion filed February 6, 1992.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant.

Dennis M. Cusack and John W. Bell, both of Johnson, Cusack & Bell, Ltd., of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

The circuit court granted the motion of defendant, Dominick's Finer Foods, Inc. (the store), to bar the testimony of the expert retained by plaintiff, Sharon Keating, in this negligence action and, further, granted the store's motion for summary judgment. Plaintiff appeals, asserting that the court: (1) abused its discretion in barring the testimony of her expert witness, whose identity, opinion and report were disclosed and whom the store deposed; and (2) erred in granting the store's motion for summary judgment because a genuine question of material fact was presented. We reverse.

On December 5, 1985, plaintiff fractured her ankle in three places when she slipped and fell on a wet floor in the store's facility located in Crystal Lake. Keating testified at her deposition that on the day of her fall the prior day's accumulation of snow had completely frozen to ice due to very cold weather. After entering the east door of the grocery store, Keating browsed momentarily in the video department before approaching the shopping carts located just inside the west door. As she approached, another customer entered through the west door and walked toward the shopping carts from the opposite side. Keating noticed brackish colored water standing on the floor just inside the west door. When Keating neared the shopping carts, she fell. Keating testified that she momentarily blacked out and that when she came to her senses she was rolling on the floor in pain. An assistant manager and another customer helped her into a folding chair brought for her, at which time Keating noticed that both her coat and her hands, which she wiped on her coat, were wet. Because of the way her heel had suddenly twisted beneath her, Keating told the assistant manager that she at first thought she had something icy stuck to the heel of her boot.

Keating filed suit alleging that the store negligently failed to install flooring with a surface that did not become unusually slippery when wet and instead installed flooring that the store knew or should have known became unreasonably dangerous when wet. Keating alleged that the store increased the hazard so created by

waxing and buffing the floor and failed to warn Keating of the dangerous condition of the floor. Finally, Keating asserted that the store had breached its duty to exercise ordinary care for her safety on its premises in failing to remove moisture from the floor that the store knew or should have known made the floor unreasonably dangerous.

On December 13, 1989, almost 13 months before the eventual trial date in February 1991, Keating disclosed the name of her expert, Henry Mikolajczyk, and his curriculum vitae in response to the store's initial Supreme Court Rule 220 interrogatories (134 Ill. 2d R. 220). One month later, the store submitted seven supplemental Rule 220 interrogatories, some of which were the basis of its motion to bar Mikolajczyk's testimony. Those interrogatories sought Mikolajczyk's field of knowledge and the subject matter about which he was expected to testify; the identity of all publications on which Mikolajczyk had relied or that were to be used at trial; regulations, etc., or other authority that Mikolajczyk was expected to use or rely on at trial; Mikolajczyk's income from testifying or consulting as an expert in the preceding two years; witness referral services or publications used by Mikolajczyk; and cases in which Mikolajczyk had consulted or testified, identified by the party who had so employed him. Shortly thereafter, Mikolajczyk's report setting forth his opinion and the bases for that opinion were provided to the store's counsel, which satisfied Keating's obligation to respond to some of the store's supplemental Rule 220 interrogatories (134 Ill. 2d R. 220(c)(2)).

On July 31, 1990, the store was granted a continuance of the August 6, 1990, trial date to depose Keating's treating physician regarding a recently diagnosed condition, which was also allegedly caused by her fall. In its motion for continuance, the store represented to the circuit court, as well as to Keating's counsel, that its Rule 220 interrogatories had been answered and that the only unresolved discovery was a set of non-Rule 220 interrogatories.

Mikolajczyk's scheduled deposition took place three days later on August 3, 1990. In response to questions asked by the store's counsel, Mikolajczyk identified the regulations, authority, and publications on which he had relied and responded that he was not a member of any witness referral organization. Mikolajczyk testified that 10% of his time was devoted to consulting or testifying as an expert, with 60% devoted to work performed for plaintiffs and 40% for defendants. Mikolajczyk estimated that he had so worked in over 50 cases, the files for the last seven years of which were avail-

able at his office. The store's counsel did not inquire into Mikolajczyk's income as an expert.

On the first day of trial, the store filed a motion to bar Mikolajczyk from testifying for failure to respond to its January 1990 supplemental Rule 220 interrogatories regarding the expert's prior employment as an expert and income from such employment, which the circuit court granted. The circuit court then granted the store's motion for summary judgment.

Keating appeals asserting that the circuit court abused its discretion in barring Mikolajczyk from testifying. Because we agree, we also necessarily reverse the circuit court's grant of summary judgment in favor of the store, which was rendered without consideration of material questions potentially raised by such expert testimony.

■ Supreme Court Rule 220 requires disclosure of the identity of a party's experts and the opinions upon which they may be requested to testify (134 Ill. 2d R. 220(a)). Once disclosed, the opposing party may by interrogatory require an expert to state the subject matter of his expected testimony, his conclusions and opinions, the bases for such conclusions and opinions, and the expert's qualifications (134 Ill. 2d Rules 220(a), (c)(1)(i), (c)(1)(iii)).

■ We have held that a party's failure to comply with Rule 220 requires a court to debar an expert from testifying, unless a manifest injustice would result. (*Phelps v. O'Malley* (1987), 159 Ill. App. 3d 214, 224; see also *Oldenburg v. Hagemann* (1991), 207 Ill. App. 3d 315, 327 ("trial judge had no alternative but to bar [expert] from testifying").) Thus, failure to respond, or to properly or sufficiently respond, to Rule 220 interrogatories seeking discovery of an expert's qualifications will result in debarring of such expert from testifying. See *Phelps*, 159 Ill. App. 3d at 224; see also *Huelsmann v. Berkowitz* (1991), 210 Ill. App. 3d 806, 808-10 (disclosure of expert opinion that defendant's conduct was proper insufficient answer to interrogatory seeking opinions, conclusions, and bases therefore).

■ An opponent is permitted to inquire on cross-examination during an expert's testimony into the amount and proportion of income generated from testifying as an expert, as well as the frequency of such testimony and the party for which such testimony is offered. (*Trower v. Jones* (1988), 121 Ill. 2d 211, 218-20.) Such inquiry safeguards against errant expert testimony by probing the bias, partisanship or financial interest of an expert (*Sears v. Rutishauser* (1984), 102 Ill. 2d 402, 407), which allows a jury to discount the credibility of the expert's testimony. (*Trower*, 121 Ill. 2d

at 217.) However, the qualifications of an expert to testify, which are within the disclosure requirements of Rule 220, are distinct from matters of credibility.

█ An expert witness is one who possesses specialized knowledge beyond that of the average person based on the expert's education, training or experience (134 Ill. 2d R. 220(a)(1)). The proponent of the expert's testimony bears the burden of establishing his expert's qualifications (*Schaffner v. Chicago & North Western Transportation Co.* (1989), 129 Ill. 2d 1, 36), which are then subject to cross-examination on *voir dire* by an opponent prior to a trial court's decision whether such testimony is admissible or not. (*People v. Sawhill* (1921), 299 Ill. 393, 407-08; *O'Brien v. Meyer* (1989), 196 Ill. App. 3d 457, 461-62.) Thus, an expert's competence to testify depends on his qualifications (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 242-43; *Weekly v. Solomon* (1987), 156 Ill. App. 3d 1011, 1014), and, in the context of expert witnesses, qualifications are synonymous with competency. As such, the trial court makes a determination of whether the testimony of an expert witness will be admitted prior to allowing an expert to testify. (*Schaffner*, 129 Ill. 2d at 36.) In contrast, the credibility of an expert witness is within the province of the jury or trier of fact, not the trial court (*In re Glenville* (1990), 139 Ill. 2d 242, 251), and is judged by the same rules as that of other witnesses. (*Jones v. Consolidation Coal Co.* (1988), 174 Ill. App. 3d 38, 47.) Credibility goes only to the weight to be given a witness' testimony and not to the admissibility of such evidence. See *Thompson v. Abbott Laboratories* (1990), 193 Ill. App. 3d 188, 199.

█ Thus, the store's interrogatories seeking information relative to Mikolajczyk's financial interest and bias, although propounded as Rule 220 interrogatories, concerned only matters of general witness credibility. As such, Keating's failure to respond to such inquiry was subject to the general discovery provisions of Supreme Court Rule 201 (134 Ill. 2d R. 201) and within the sanctions provision of Rule 219 rather than Rule 220.

Rule 201(k) requires that every motion with respect to discovery include a statement that reasonable attempts to resolve the differences of the parties have been made prior to seeking court intervention (134 Ill. 2d R. 201(k)). The store's motion to bar Mikolajczyk's testimony not only failed to include such statement, but the record is void of any evidence of attempts to obtain answers to its interrogatories. In addition, Keating's attorney asserts that failure of the store's counsel to make any attempt to obtain the subject

discovery was purposefully calculated to allow invocation of the sanctions contained in Rule 220. Thus, absent a statement indicating an attempt was made to resolve Keating's failure to respond to the store's interrogatories seeking information pertaining to issues of Mikolajczyk's credibility as a witness generally, the store's motion to bar Mikolajczyk's expert testimony should have been denied. (See 134 Ill. 2d R. 201(k); *Williams v. A.E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 566.) In light of this holding, we must also find that the circuit court improperly granted the store's motion for summary judgment.

Summary judgment is proper only when the pleadings, depositions, and affidavits show that no genuine issue of material fact exists and the moving party is entitled to summary judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Hagy v. McHenry County Conservation District* (1989), 190 Ill. App. 3d 833, 842.) The evidence in the record must be construed strongly against the movant. (*Schroth v. Norton Co.* (1989), 185 Ill. App. 3d 575.) To prevent entry of summary judgment, an opponent need not prove his case at this preliminary stage, but must only present some factual basis that would arguably entitle him to a judgment under the applicable law. *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 939.

■ Because the circuit court barred Mikolajczyk's testimony, Keating was unable to offer his affidavit to oppose the store's motion for summary judgment (*James v. Shig Yasunaga* (1987), 157 Ill. App. 3d 450, 459), and the circuit court did not have the opportunity to consider whether such affidavit raised a question of material fact preventing summary judgment. Thus, the circuit court's error in barring Mikolajczyk's testimony tainted its decision rendering summary judgment in favor of the store as well.

The circuit court's order barring Mikolajczyk's testimony and granting summary judgment in favor of the store is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DUNN and UNVERZAGT, JJ., concur.