TIMOTHY SMITH, Plaintiff-Appellant, v. P.A.C.E., a Suburban Bus Division of the Regional Transportation Authority, *et al.*, Defendants-Appellees (Florence Boone, Indiv. and as Chairman of the Board of Directors of P.A.C.E., *et al.*, Defendants).—TIMOTHY SMITH, Plaintiff-Appellant, v. GERALD RAPAPORT, Defendant-Appellee.

First District (4th Division)   Nos. 1—00—3748, 1—00—3750 cons.

Opinion filed June 28, 2001.

Stotis & Baird Chtrd., of Chicago (Eric J. Parker, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Kelli A. Borden, David E. Neumeister, and Suzanne M. Ganier, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

Timothy Smith, the plaintiff in this refiled negligence action, was barred from introducing any evidence in support of his claim for lost income and also barred from calling any witnesses upon the trial of the cause by reason of his having failed to comply with discovery in his original action. Thereafter, on motion of the defendant, Gerald Rapaport, the circuit court entered summary judgment against the plaintiff, finding that, absent an ability to call witnesses, he would be unable to meet his burden of proof. The plaintiff appeals from the summary judgment in favor of Rapaport and from the orders entered in both his original and refiled actions preventing him from introducing evidence in support of his claim for lost income and barring him from calling any witnesses at trial.

The following facts pertaining to the plaintiff's original negligence action, which he voluntarily dismissed, are relevant to our disposition of this appeal. On July 30, 1996, the plaintiff filed a negligence action (hereinafter referred to as the original action) in the circuit court of Cook County against Rapaport, his employer, the Regional Transportation Authority, and others, in which he alleged that, on July 31, 1995, his vehicle was struck by a bus driven by Rapaport. The plaintiff sought damages for personal injury, medical expenses, and lost income. In response to interrogatories propounded by the defendants on March 7, 1997, the plaintiff identified Richard J. Siggins as an occurrence witness and the plaintiff's treating physicians, Drs. Frank M. Phillips and Bruce Reider, as expert witnesses he intended to call to testify at trial. According to Rapaport, the plaintiff faxed his answers to the defendants' attorneys on October 8, 1997, and mailed copies of the answers on October 29, 1997.

On October 22, 1997, the defendants propounded supplemental interrogatories to the plaintiff, requesting information concerning his injuries, medical treatment, medical expenses, lost income, and other damages. On April 1, 1998, the plaintiff filed answers to the supplemental interrogatories, again identifying Siggins as an occurrence witness who would testify at trial. The plaintiff also stated that he had been unable to work since the date of the accident but failed to provide any of the requested information concerning the name of his employer and the amount of his salary at the time of the occurrence and the amount of income that he claimed to have lost. In response to a question requesting the names of all treating health care professionals, the plaintiff again listed Drs. Phillips and Reider and also listed Dr. Horton, Dr. Zelkowitz, Dr. Edward Michals, and Dr. Vijaya Morankar. He failed, however, to furnish any of the information requested concerning the dates upon which these doctors treated him, their bills, and whether any of them issued written reports.

On April 6, 1998, the defendants propounded additional interrogatories, requesting the identity of each witness the plaintiff intended to call at trial and the subject of each witnesses' testimony. With respect to witnesses who were to offer opinion testimony, the defendants further requested the witnesses' qualifications, their conclusions and opinions, along with the bases therefore, and copies of any reports they had prepared.

On May 18, 1998, the defendants filed a motion to dismiss, alleging that the plaintiff had failed to provide complete answers to their interrogatories, failed to respond to their production requests, and failed to appear for his deposition. There is no indication in the record that the trial court ever ruled upon this motion.

On June 17, 1998, the defendants served the plaintiff with a supplemental request for the production of documents relating to any loss of income from self-employment and requesting that he execute the requisite forms for the release of his federal income tax returns for the years 1994 through 1997.

On June 30, 1998, the defendants' attorneys took Siggins' discovery deposition and commenced taking the plaintiff's discovery deposition. On October 23, 1998, the defendants' attorneys took the discovery deposition of Dr. Phillips.

On November 5, 1998, Rapaport filed a motion to bar the plaintiff from introducing any evidence at trial in support of his claim for lost income because he had failed to produce requested documents pertinent to that claim. On December 28, 1998, after having first ordered the plaintiff to comply with the document requests to no avail, the circuit court entered an order barring the plaintiff from

introducing any evidence at trial in support of a claim for lost time, lost income, lost profits, or lost business.

On February 1, 1999, the defendants filed a motion to bar the plaintiff from calling any witnesses at trial. In that motion, the defendants alleged that the plaintiff failed to answer the interrogatories that they propounded on April 6, 1998, although the court had entered an order on September 11, 1998, directing him to do so. In his February 19, 1999, response to the motion, the plaintiff claimed that he had answered the subject interrogatories and attached copies of those answers along with an affidavit from his attorney asserting that the answers were mailed to the defendants' attorney on October 29, 1998. In the interrogatory answers attached to his response, the plaintiff identified the following individuals as witnesses he expected to call: Siggins, an unidentified employee of the Illinois Department of Transportation, an unidentified employee of Calumet City, an unidentified Calumet City police officer, and an unidentified auto salesman. He also listed the names and addresses of 13 treating physicians as opinion witnesses, asserting that each would testify as to his treatment of the plaintiff and render opinions as to the nature, extent, and causation of the plaintiff's injuries. The plaintiff further listed a physical therapist who would offer opinion testimony concerning the nature, extent, and treatment of his injuries. In the reply in support of their motion, the defendants denied having received the answers to interrogatories and noted that neither the interrogatory answers nor the plaintiff's attorney's certificate of mailing was time stamped by the clerk of the circuit court and that copies of the documents were not contained in the court file. The defendants further argued that the plaintiff's answers were wholly inadequate as they failed to provide the opinions and conclusions of his opinion witnesses or the bases therefore as required by Supreme Court Rule 213(g) (177 Ill. 2d R. 213(g)).

At a hearing on the defendants' motion on March 16, 1999, Judge David Donnersberger found the plaintiff's interrogatory answers to be "totally inadequate" and entered an order barring him from calling any witnesses at trial. On March 18, 1999, the date the matter was set for trial, the plaintiff filed an emergency motion to voluntarily dismiss the action pursuant to section 2—1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1009 (West 1998)). The trial court granted the motion and dismissed the plaintiff's original action without prejudice.

On June 24, 1999, the plaintiff refiled his action, naming only Rapaport as a defendant. After Rapaport appeared and answered the plaintiff's complaint, he filed a motion seeking to enforce the sanction orders entered against the plaintiff in the original action.

On August 4, 2000, after considering the parties' submissions in support of and in opposition to Rapaport's motion, the trial court issued a memorandum opinion and order. The court found that the plaintiff's repeated failure to comply with court orders and respond to discovery requests in his original action exhibited a "deliberate, contumacious and unreasonable disregard for the discovery process and the authority of the court" and that the voluntary dismissal of his original action "was used solely as a dilatory tactic to avoid the consequences of the sanction orders." It granted Rapaport's motion and ordered that "[t]he December 28, 1998[,] order barring Plaintiff from producing evidence of lost time, income, profits and business resulting from the complained of accident at trial and the March 16, 1999[,] order barring Plaintiff from producing any witnesses at trial, both entered in the 1996 action, are hereby[ ] applied in the instant action."

On August 8, 2000, Rapaport filed a motion for summary judgment pursuant to section 2—1005 of the Code (735 ILCS 5/2—1005 (West 1998)). On October 18, 2000, the trial court granted Rapaport's motion for summary judgment, finding that, by reason of the order barring the plaintiff from calling any witnesses at trial, he would be unable to meet his burden of proof.

On November 1, 2000, the plaintiff filed two notices of appeal. The first notice of appeal bears the caption of his original action and was docketed in this court as case number 1—00—3748. The second notice of appeal bears the caption of his refiled action and was docketed in this court as case number 1—00—3750. Both notices of appeal state that the plaintiff is appealing from "the entry of judgment in favor of Defendant and against Plaintiff as a consequence of the granting of a motion for summary judgment by the Defendant, the re-imposition of discovery sanctions in the re-filed action and the imposition of sanctions in the original case." This court granted the plaintiff's motion to consolidate his appeals.

Before addressing the substantive issues raised by the plaintiff, we must first determine the extent of our jurisdiction. See *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539, 470 N.E.2d 290 (1984). As stated, the plaintiff is attempting to appeal, via the notices of appeal filed in both his original and his refiled action, *inter alia*, the sanction orders entered against him in his original action. We find, however, that neither notice of appeal vests this court with jurisdiction to review those orders. Rather, we agree with Rapaport in his assertion that our jurisdiction is limited to a review of the propriety of the orders entered by the trial court in the plaintiff's refiled action.

We will first consider the notice of appeal that the plaintiff filed in

his original action. Subject to certain exceptions not applicable in this case, our jurisdiction is limited to appeals from final judgments. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989). The plaintiff concedes that the sanction orders entered in the original action are not final judgments. He asserts, however, that they are, nonetheless, appealable because they constitute a procedural step leading to the entry of a final judgment, namely, the order granting his motion for a voluntary dismissal. Although it is true that an appeal from a final order draws into issue all prior interlocutory orders that constitute a procedural step leading to the entry of that judgment (*Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380 (1979)), in this case, contrary to the plaintiff's assertion, no final order was ever entered in the original action.

●1 An order granting a plaintiff's motion to voluntarily dismiss an action without prejudice is "final and appealable by the defendant," whose rights may be prejudiced by it, but not by the plaintiff, who requested its entry and is protected from prejudice by the right to refile the case within one year. *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 306-07, 472 N.E.2d 787 (1984). The only exception to the rule that a plaintiff cannot appeal from a voluntary dismissal is the plaintiff's right to appeal from that part of the order taxing costs, an exception which does not apply here. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 161, 441 N.E.2d 318 (1982). Even such an appeal, however, does not vest this court with jurisdiction to review the merits of other nonfinal orders entered prior to the order granting voluntary dismissal. *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 537, 718 N.E.2d 612 (1999).

Relying upon our supreme court's decision in *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 693 N.E.2d 338 (1998), the plaintiff contends that the trial court's order granting his motion to voluntarily dismiss his original action became final and appealable one year after its entry and that, accordingly, the interlocutory orders leading up to it are now appealable. The plaintiff's reliance is misplaced. In *S.C. Vaughan Oil Co.*, the plaintiffs' action was dismissed for want of prosecution and they never refiled the action within the one-year period granted by statute. Consequently, with the expiration of the refiling period, the dismissal order became a final judgment as it effectively terminated the litigation between the parties and fixed their rights finally and absolutely. *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 502. Unlike the plaintiffs in *S.C. Vaughan Oil Co.*, the plaintiff in this case refiled his action within the one-year period following the dismissal of his original action. As a result, the order granting the plaintiff's motion to voluntarily dismiss his original action

never acted to fix absolutely and finally the rights of the parties. Consequently, the nonfinal character of the order from the standpoint of the plaintiff was never altered by the expiration of the refiling period.

•2 Because the sanction orders entered in the plaintiff's original action were neither final orders themselves nor interlocutory orders constituting a procedural step leading to the entry of a final order in that case, the notice of appeal the plaintiff filed in his original action does not vest this court with jurisdiction to review the sanction orders. Further, since the other orders referenced in the plaintiff's notice of appeal filed in his original action were actually entered in his refiled action, we dismiss the appeal docketed as number 1—00—3748 in its entirety.

•3 The plaintiff also, however, argues that the notice of appeal he filed in his refiled action vests us with jurisdiction to review the sanction orders entered in the original action. He contends that the sanction orders entered in the original action constitute a procedural step leading to the imposition of sanctions in the refiled action, which sanctions, in turn, led to the entry of summary judgment in favor of Rapaport. This argument, too, must fail. Since the plaintiff's refiled action is "a separate cause of action" (*Kahle*, 104 Ill. 2d at 306), none of the orders entered in his original action can constitute a procedural step in the progression leading to the summary judgment entered in favor of Rapaport in the refiled action. Supreme Court Rule 219(e) (166 Ill. 2d R. 219(e)) does mandate that when the trial court rules upon permissible discovery and testimony in a refiled action it "shall consider" a party's misconduct in the original action and any orders entered therein. The rule does not, however, require the court to reimpose the sanctions that were entered against the party in the earlier case. Rather, the misconduct of a party in the original action and any sanctions entered against him therein are merely facts to be considered by the court in the refiled action when it determines what witnesses and evidence will be permitted. Accordingly, the sanction orders entered in the plaintiff's original action do not constitute a procedural step leading to the entry of summary judgment in Rapaport's favor in the refiled action and, thus, are not reviewable.

We turn next to the plaintiff's argument that the trial court abused its discretion when, in his refiled action, it reimposed the sanctions that were imposed upon him in his original action. We preface our analysis of the issue by registering our complete agreement with the trial court's finding that the plaintiff's repeated failures to respond to discovery requests in his original action exhibited an unreasonable disregard for the discovery process. As noted earlier, the plaintiff

refused to supply any information or produce any documents concerning his claim for lost income and failed to execute the requested forms so as to enable the defendants to obtain copies of his federal income tax returns. Although the plaintiff ultimately identified 13 treating physicians and a physical therapist as anticipated opinion witnesses, he never revealed their opinions or the bases therefore, as requested. In addition, the plaintiff failed to respond to interrogatories regarding the dates upon which these medical providers rendered their services, the amounts of their bills, and whether any of them had issued written reports. We also agree with the trial court's finding that the plaintiff voluntarily dismissed his original action to avoid the sanction orders that had been entered against him.

●4 Supreme Court Rule 219(e) provides in pertinent part:

"A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." 166 Ill. 2d R. 219(e).

This rule discourages the abuse of voluntary dismissals by attaching adverse consequences when the plaintiff refiles the action. "When a case is refiled, the rule requires the court to consider the prior litigation in determining what discovery will be permitted, and what witnesses and evidence may be barred." *Morrison v. Wagner*, 191 Ill. 2d 162, 167, 729 N.E.2d 486 (2000). The sanctions authorized under Rule 219 are intended to combat abuses of the discovery system and to maintain the integrity of our court system. See *Scattered Corp. v. Midwest Clearing Corp.*, 299 Ill. App. 3d 653, 659-60, 702 N.E.2d 167 (1998). Just as is the case with any sanction imposed under Rule 219, only a clear abuse of discretion justifies a reversal on appeal of the trial court's decision to bar evidence or the testimony in a refiled case by reason of a party's misconduct in his original action. See *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120, 692 N.E.2d 286 (1998).

●5 The court's purpose in imposing sanctions is not to punish a party. In fashioning a sanction, the court must weigh the competing interests of the offending party's right to maintain a lawsuit against the need to accomplish the objectives of discovery and promote the unimpeded flow of litigation. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68, 651 N.E.2d 1071 (1995). In considering whether a particular sanction is appropriate, a court must consider the conduct of the offending party and the effect of that conduct upon the adverse party.

*H&H Sand & Gravel Haulers Co. v. Coyne Cylinder Co.*, 260 Ill. App. 3d 235, 242, 632 N.E.2d 697 (1994). That is to say, the sanction imposed should bear some reasonable relationship to the information withheld in defiance of the discovery request. See *People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d 180, 197, 226 N.E.2d 6 (1967).

As noted earlier, the trial court in the plaintiff's refiled action reimposed two discovery sanctions that had been entered against him in his original action. We will examine each separately.

●6 The trial court reimposed the sanction entered in the plaintiff's original action on December 28, 1998, and barred him from introducing any evidence in support of a claim for "lost time, income, profits and business resulting from the complained of accident." We find no abuse of discretion in this portion of the court's order. The record reflects that the plaintiff failed to answer interrogatories addressed to such a claim for damages, refused to produce documents in support thereof, and failed to execute forms that would have enabled the defendants to obtain copies of his federal tax returns. The prejudice to Rapaport by reason of the plaintiff's failure to comply with discovery in this regard is manifest.

●7 The trial court also reimposed the sanction entered in the plaintiff's original action on March 16, 1999, and barred him from producing any witnesses at trial. In determining whether the trial court abused its discretion in this regard, we must look to the factors that the trial court should have considered in deciding whether such a sanction was appropriate. *Boatmen's National Bank v. Martin*, 155 Ill. 2d 305, 314, 614 N.E.2d 1194 (1993). Those factors include: (1) the surprise to the defendant; (2) the prejudicial effect of the witnesses' testimony; (3) the nature of the testimony; (4) the diligence of the defendant; (5) whether objection to the testimony was timely; and (6) the good faith of the plaintiff. *Ashford v. Ziemann*, 99 Ill. 2d 353, 369, 459 N.E.2d 940 (1984); *Besco v. Henslee, Monek & Henslee*, 297 Ill. App. 3d 778, 783, 701 N.E.2d 1126 (1998). No single factor is determinative of the issue (*Shimanovsky*, 181 Ill. 2d at 124), and each case presents a unique factual situation that must be considered in determining whether a particular sanction is proper (*Boatmen's National Bank*, 155 Ill. 2d at 314). Applying the criteria for consideration to the facts of this case, we believe that the trial court abused its discretion in barring the plaintiff from calling any witnesses at trial.

●8 It is clear from the order granting summary judgment in favor of Rapaport that the sanction imposed upon the plaintiff prohibited him from testifying in his own behalf and also prevented him from calling either Siggins or Dr. Phillips as a witness. Rapaport, though, has known since October of 1997 that the plaintiff would testify in

support of his claim and that he intended to call both Siggins, an occurrence witness, and Dr. Phillips, one of his treating physicians, as witnesses. Further, the plaintiff, Siggins, and Dr. Phillips were deposed during the course of the plaintiff's original action and the nature of their testimony is known. Despite the fact that there is nothing in the record to suggest that Rapaport would be surprised or prejudiced by the testimony of the plaintiff, Siggins, or Dr. Phillips, the trial court fashioned its sanction order in such a manner as to prohibit all witnesses from testifying. We find this to have been an abuse of discretion, particularly as it effectively denied the plaintiff of a trial on the merits of his claim and resulted in the entry of a summary judgment against him. See *Besco*, 297 Ill. App. 3d at 783-85.

We do not mean to suggest that the trial court should not have restricted the plaintiff's ability to call witnesses in his refiled action; rather, we find only that the restriction it imposed was too far-reaching. Supreme Court Rule 213(g) requires that, upon written interrogatory, a party must disclose the qualifications of each opinion witness he expects to call, the subject matter on which each such witness will testify, the conclusions and opinions of the witness, and the bases thereof. The party must also provide copies of any reports generated by his opinion witnesses. 177 Ill. 2d R. 213(g). The committee comments to Rule 213(g) reflect that the purpose of the section is to avoid surprise and limit the testimony of such witnesses to the opinions disclosed. 177 Ill. 2d R. 213(g), Committee Comments. In response to interrogatories propounded by the defendants in his original action, the plaintiff disclosed the names of 14 health care providers as witnesses who would offer opinion testimony and stated generally the subject matter of their testimony. However, he never disclosed their opinions and conclusions, the bases therefore, or the witnesses' qualifications. In addition, he never responded to interrogatories requesting information relating to the dates upon which they provided their services, the amounts of their bills, and whether any of them had issued written reports. An appropriate sanction addressed to the information withheld would have been to bar the plaintiff from calling any opinion witnesses other than Dr. Phillips and limiting Dr. Phillips' testimony to the opinions that he rendered in his discovery deposition.

The summary judgment entered in favor of Rapaport was based solely upon the fact that the plaintiff would not be able to meet his burden of proof because he was barred from calling any witnesses at trial. Having found that the plaintiff should not have been barred from calling *any* witnesses upon the trial of his refiled action, it follows that the summary judgment entered in favor of Rapaport must be reversed.

For the forgoing reasons, we: dismiss the appeal docketed as No. 1—00—3748; affirm that portion of the trial court's order of August 4, 2000, which barred the plaintiff from producing any evidence of "lost time, income, profits and business" upon the trial of his refiled action; reverse that portion of the trial court's order of August 4, 2000, which barred the plaintiff from calling any witnesses upon the trial of his refiled action; reverse the summary judgment entered in favor of Rapaport on October 18, 2000; and remand the plaintiff's refiled action to the circuit court for further proceedings consistent with this opinion.

No. 1—00—3748—Dismissed.

No. 1—00—3750—Affirmed in part and reversed in part; cause remanded.

HARTMAN, P.J., and BARTH, J., concur.